[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO SET ASIDE VERDICT
This case involved a claim by the plaintiff that he sustained personal injuries and other damages when his automobile was struck by another vehicle. He then brought this action against his insurer pursuant to the "uninsured motorist" provisions of his policy.
The plaintiff was the only person to testify to having witnessed the collision. He further testified that the other operator did stop to discuss the collision with him, but that no information was obtained by the plaintiff as to the identity of that other operator or as to the vehicle he was driving. The plaintiff testified that he wrote down the registration place number of the other vehicle, however it was subsequently discovered that the plate had been stolen from an uninvolved vehicle.
On May 10, 2002, the jury in the above captioned matter returned a verdict for the defendant after trial.
The plaintiff filed this Motion to Set Aside the Verdict as it is against the weight of the evidence; it shocks the conscience of the court; and is manifestly unjust.
Counsel for the parties appeared and were heard regarding the relief sought in this Motion and the court reserved decision.
The plaintiff maintains that the evidence at trial established that his vehicle was struck by an "uninsured" motor vehicle, as that term is defined in his policy of insurance with the defendant, and, consequently, he is entitled to a plaintiff's verdict and an award of damages.
The defendant argues that there were a number of questions of fact for the jury to decide, including whether there was, in fact, a collision, CT Page 16578 and if so, whether the plaintiff sustained any personal injuries which were proximately caused by the negligence of the other driver. Further, there was a question of fact as to whether or not there may have been insurance available by or through the other operator whose identity was never ascertained.
Additionally, there was a question of fact for the jury as to whether or not the collision was a "hit and run" collision and whether or not the plaintiff made reasonable efforts to obtain essential information from the other driver such as his name, address, insurance carrier, and his title or interest in the vehicle he was operating. Such information is critical to the issue of what obligation or duty, if any, the defendant may have owed to the plaintiff as a result of the uninsured motorist provisions in the plaintiff's policy.
The court must view the evidence offered at trial in the light most favorable to sustaining the verdict. Gaudio v. Griffin Health Services,249 Conn. 523, 534 (1999).
The court's determination is whether the evidence reasonably supports the verdict. Id.
Having considered the claims of the parties and having heard the evidence and testimony elicited at trial, the court finds that the jury could reasonably have found that the plaintiff failed to prove the essential elements of his case and that the defendant was entitled to a verdict.
For the foregoing reasons the Motion to Set Aside the Verdict is denied.
By the Court,
JOSEPH W. DOHERTY, JUDGE CT Page 16579